**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joseph Eric DELACRUZ, Defendant—
Appellant.**

**No. 04–30215.
D.C. No. CR 03–00010 CCL.**

United States Court of Appeals,
Ninth Circuit.

---

Argued and Submitted March 8, 2005.*

Decided March 16, 2005.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Joseph DeLaCruz appeals his conviction for conspiracy to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. He argues that the government failed to introduce evidence sufficient to support the jury's finding that he was a member of an ongoing conspiracy to distribute narcotics. Because the evidence introduced at trial amply supported the jury's verdict, we affirm.

We review *de novo* a sufficiency of the evidence challenge, asking whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Johnson,* 357 F.3d 980, 983 (9th Cir.2004).

"To establish a drug conspiracy, the government must prove: 1) an agreement to accomplish an illegal objective and 2) the intent to commit the underlying offense." *United States v. Romero,* 282 F.3d 683, 687 (9th Cir.2002) (quoting *United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024 (9th Cir.1997)). DeLaCruz challenges the sufficiency of the evidence of only the former of these two elements.

A review of the record, however, reveals that the government introduced substantial evidence at trial of an agreement to distribute methamphetamine. Two witnesses, William Berrigan and Burton Viers, testified that they had such an agree-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

ment with DeLaCruz. Berrigan testified that he reached an agreement with DeLaCruz where DeLaCruz agreed to act as a supplier of methamphetamine. Viers testified that DeLaCruz acknowledged this agreement when the conspiracy was forced to adapt to Berrigan's arrest. In addition, Berrigan testified that, under their agreement, DeLaCruz sold him well in excess of the 500 grams of methamphetamine charged in the indictment. This evidence was sufficient to support the jury's finding that DeLaCruz was involved in a single, ongoing conspiracy to distribute methamphetamine. *See United States v. Yossunthorn,* 167 F.3d 1267, 1270 (9th Cir.1999) ("[T]he credibility of witnesses is a question for the jury unreviewable on appeal.").

Because the evidence was sufficient to support the jury's verdict, the judgment of the district court is

AFFIRMED.